**In re ALED CORPORATION, Debtor.**

**VALLEY FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**ALED CORPORATION, Defendant.**

Bankruptcy No. 81–05117 T.
Adv. No. 83–0641.

United States Bankruptcy Court,
E.D. Pennsylvania.

March 11, 1985.

Alfred S. Pierce, Nazareth, Pa., for debtor.

William K. Murphy, Easton, Pa., for plaintiff.

MEMORANDUM AND ORDER

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the plaintiff, pursuant to 11 U.S.C. § 362(d), seeks relief from the automatic stay as to the Chapter 11 debtor's real property so that it may proceed to foreclosure against said property. For the following reasons, we shall grant the requested relief.[1]

The parties have stipulated that, as of December 31, 1984, the subject property is encumbered by liens in the total amount of $822,620.39. The plaintiff's mortgages comprise $568,528.62 of this total. Liens senior to those of the plaintiff amount to $39,494.37. Liens junior to those of the plaintiff amount to $214,597.40.

We find that the fair market value of the subject property is $550,000.00, based upon our approval of the valuation evidence presented by Donald E. Goertel, the licensed and very highly qualified and experienced real estate appraiser who testified on the plaintiff's behalf. This valuation evidence consists of both Mr. Goertel's written appraisal report and his testimony at the hearing on this matter. We find his written appraisal report to be, in all material respects, thorough, well-reasoned, and in keeping with the highest standards of his profession.[2] We further believe that his testimony was convincing.

---

**1.** This Memorandum constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

**2.** We specifically note that Mr. Goertel, on page 5 of his appraisal report, included the swimming pool located on the debtor's real property as part of the real property in making his valuation.

The only "appraisal" testimony presented on the debtor's behalf was the testimony of the debtor's president and sole stockholder, who testified that he believes that the subject property has a fair market value of at least $1,000,000.00. However, in contrast to Mr. Goertel, the debtor's president is obviously not disinterested in the outcome of this proceeding, is not a licensed real estate appraiser, and is otherwise much less qualified to appraise real estate than is Mr. Goertel. In further contrast to Mr. Goertel, the debtor's president did not prepare a written appraisal report and did not, in our opinion, use established nor well-reasoned appraisal techniques in arriving at his $1,000,000.00 valuation figure.

The debtor argues that the appraisal by Mr. Goertel is seriously defective because it fails to take into account a particular access route to the subject real property which Mr. Goertel believed to be unavailable for use. We find, however, that the presumed lack of this access route was not a significant factor in Mr. Goertel's valuation, but rather that his valuation rested independently upon other convincing grounds, including the lack of demand for rental apartments in the Easton, Pennsylvania area.

.Based upon our finding that the property has a fair market value of $550,000.00, the debtor obviously has no equity in the property. Furthermore, there is also no equity cushion in the property to protect the plaintiff's interest therein, even though we accept the debtor's contention that liens junior to those of the plaintiff are not counted in calculating the amount of encumbrances against the property for equity cushion purposes. *See In re Mellor*, 734 F.2d 1396 (9th Cir.1984). Thus, even when the junior liens of $214,597.40 are subtracted from the total encumbrances of $822,620.39, there remain encumbrances in the amount of $608,022.99 as opposed to the $550,-

000.00 fair market value. In that the debtor's defense to stay relief under 11 U.S.C. § 362(d)(1) is premised upon the existence of an equity cushion as adequate protection of the plaintiff's interest in the property,[3] we conclude that the plaintiff is entitled to relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

### ORDER

AND NOW, this 11th day of March, 1985, in accordance with the foregoing Memorandum, it is ORDERED that the automatic stay provisions of § 362(a) of the Bankruptcy Code be, and the same hereby are, MODIFIED to permit the plaintiff to pursue its legal rights and remedies against the debtor's real property, known as The Highlands, and located on South Delaware Drive, Easton, Northampton County, Pennsylvania, as more fully described in Exhibit A of the plaintiff's Complaint to Modify Stay.

---

**3.** The debtor properly states on page 2 of its Memorandum of Law of November 19, 1984: "The basic issue before the Court is to determine if an equity cushion exists sufficient to adequately protect Valley Federal Savings and Loan Association, the first mortgagee." We also note that the debtor has been grossly delinquent in its mortgage payment obligations to the plaintiff and remains unable to meet these obligations.